IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PROCHASKA & ASSOCIATES, INC., | |
| Plaintiff, | 8:15-CV-247 |
| vs. | MEMORANDUM AND ORDER |
| MICHAEL GRAVES & ASSOCIATES, INC., | |
| Defendant. | |

This matter is before the Court on the defendant's motion to dismiss or, in the alternative, for summary judgment (filing 7), and the plaintiff's motion to strike (filing 13). The Court will grant the plaintiff's motion to strike and deny the defendant's motion to dismiss.

## I. BACKGROUND

This case arises out of the parties' joint proposal to Madonna Rehabilitation Hospital for the design, architecture, and engineering for a new facility Madonna intended to build in West Omaha. Filing 1 at 2. The plaintiff, Prochaska & Associates, is an architectural and engineering firm. Filing 1 at 1. The defendant, Michael Graves & Associates (MGA), is an architectural firm. Filing 1 at 1.

Prochaska alleges that on December 3, 2012, it was invited by Madonna to submit a proposal for Madonna's new facility. Filing 1 at 2. Only four other firms were invited to submit proposals: Leo Daly, Altus Architectural Studios, DLR Group, and HDR, Inc. Filing 1 at 3. Prochaska decided to invite MGA to partner with it in submitting the proposal: Prochaska reasoned that the principal of MGA, Michael Graves, would help win the business because Graves had lost the use of his legs in 2003, and had experience with the sort of rehabilitation that Madonna would be providing at its new facility. Filing 1 at 3.

Prochaska contacted MGA on December 4, 2012, and MGA responded favorably. Filing 1 at 3-4. Prochaska alleges that at MGA's suggestion, "MGA and Prochaska & Associates formed a joint venture and partnership" to pursue Madonna's business. Filing 1 at 4. Prochaska further alleges that the parties "agreed to share any proceeds received from Prochaska & Associates' idea, including any award, contract, work, or project issued by Madonna . . . ."

Filing 1 at 4. (It is important to note that the alleged agreement between the parties does not appear to have been reduced to a written document—or, at least, not to a single document.)

Prochaska and MGA worked together on the proposal (although Prochaska alleges it did most of the work), and the proposal was delivered to Madonna on December 24, 2012. Filing 1 at 4-5. The cover of the proposal stated that it was being submitted by "Prochaska & Associates in association with Michael Graves & Associates." Filing 1 at 5. On January 18, 2013, Prochaska and MGA made a joint presentation to Madonna supporting the proposal. Filing 1 at 5.

Prochaska alleges that MGA stopped communicating with it after the presentation. Filing 1 at 6. On January 25, 2013, Madonna informed Prochaska that the project had been awarded to someone else. Filing 1 at 6. Prochaska eventually learned that the project had been awarded to a team of MGA, DLR Group, and Page Southerland Page, Inc. Filing 1 at 6. On July 8, 2015, Prochaska sued MGA, asserting five claims for relief: (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing, (3) breach of fiduciary duty, (4) misappropriation and usurpation of a business opportunity belonging to the parties' partnership and joint venture, and (5) unjust enrichment.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. While the Court must accept as true all facts pleaded by the nonmoving party and grant all reasonable inferences from the pleadings in favor of the nonmoving party, Gallagher v. City of Clayton, 699 F.3d 1013, 1016 (8th Cir. 2012), a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Iqbal, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief will require the reviewing court to draw on its judicial experience and common sense. Id. at 679.

## III. DISCUSSION

There are two pending motions: the defendant's motion to dismiss or, in the alternative, for summary judgment (filing 7), and the plaintiff's motion to strike (filing 13). In order to establish the scope of the record, and make the

- 2 -

procedural posture of the case clear, the Court will dispose of the motion to strike first.

1. MOTION TO STRIKE

When deciding a motion to dismiss under Rule 12(b)(6), the Court is normally limited to considering the facts alleged in the complaint. If the Court considers matters outside the pleadings, the motion to dismiss must be converted to one for summary judgment. Fed. R. Civ. P. 12(d).

MGA's motion to dismiss raises two separate issues: the statute of limitations, and failure to state a claim for breach of contract. *See* filing 8. In support of its statute of limitations argument, MGA submitted evidence: a copy of the proposal the parties presented to Madonna, and a copy of an email from Prochaska to MGA. *See* filing 9-1.

When it appears from the face of the complaint itself that a limitation period has run, a limitations defense may properly be asserted through a Rule 12(b)(6) motion to dismiss. *Wycoff v. Menke*, 773 F.2d 983, 984-85 (8th Cir. 1985). But on the face of the complaint, Prochaska alleges it did not learn of MGA's alleged breach for several months. *See* filing 1 at 6. The apparent purpose of MGA's evidence is to pierce those allegations of the complaint, meaning that the Court cannot consider the evidence without converting MGA's motion to dismiss to a motion for summary judgment.

Prochaska's motion to strike is, functionally, an objection to converting the motion to dismiss into a motion for summary judgment. Prochaska argues that it needs time for discovery in order to oppose summary judgment. *See*, filing 14; filing 15-1. And the Court is persuaded by that argument. The Court has wide discretion whether to convert a motion to dismiss into a motion for summary judgment, and Prochaska is, at this point, in no position to present all the materials that would be pertinent to such a motion. *See Constitution Party of S.D. v. Nelson*, 639 F.3d 417, 422 (8th Cir. 2011) (citing *Grillo v. John Alden Ins. Co.*, 939 F. Supp. 685, 686 (D. Minn. 1996)); *see also*, *Solomon v. Petray*, 795 F.3d 777, 786 n.5 (8th Cir. 2015); *Skyberg v. United Food & Commercial Workers Int'l Union, AFL-CIO*, 5 F.3d 297, 302 n.2 (8th Cir. 1993); *cf*. Fed. R. Civ. P. 56(d).

MGA argues that the proposal, at least, may be considered by the Court without converting the motion to summary judgment, because the proposal is a document necessarily embraced by the pleadings. See, *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012); *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003). But most courts view matters outside the pleading as including any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for, and does not merely reiterate, what is said in the pleadings. *Gorog v. Best Buy Co.*, 760

- 3 -

F.3d 787, 791 (8th Cir. 2014); *BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 687 (8th Cir. 2003). And the proposal would appear to fit that description. The proposal is primarily (if not exclusively) relevant to the breach of contract claim—but it is highly unlikely that it is the *only* evidence relevant to the breach of contract claim, and MGA appears to have offered it for the purpose of contradicting Prochaska's allegations about the substance of the parties' oral agreement. *See BJA Health Sys.*, 348 F.3d at 688.

"It is true that the plaintiff must supply any documents upon which its complaint relies, and if the plaintiff does not provide such documents the defendant is free to do so." *Id.* Here, however, Prochaska "alleged the existence of a contract, not a specific document," and the document provided by MGA is "neither undisputed nor the sole basis for [Prochaska's] complaint." *See id.* The Court finds that it cannot consider the proposal without converting MGA's motion to one for summary judgment, and for the reasons explained above, the Court declines to do so. Accordingly, the Court will grant Prochaska's motion to strike and will not consider MGA's evidence in ruling on its motion to dismiss.[1]

### 2. MOTION TO DISMISS

As noted above, MGA's motion to dismiss raises two separate issues: the statute of limitations, and failure to state a claim for breach of contract. *See* filing 8.

### (a) Statute of Limitations

MGA's statute of limitations defense rests entirely upon its argument that the applicable statute of limitations for Prochaska's claims is the 2-year statute of limitations for professional negligence, Neb. Rev. Stat. § 25-222. *See* filing 8 at 6. But that statute expressly applies only to an "action to recover damages based on alleged professional negligence or upon alleged breach of warranty in rendering or failure to render professional services . . . ." *Id.* This is not such an action.

MGA relies upon cases holding that if a claim is "for professional malpractice, whether pled in tort or contract, the statute of limitations for professional negligence contained in § 25–222 applies." *E.g. Reinke Mfg. Co. v. Hayes*, 590 N.W.2d 380, 388 (Neb. 1999). A plaintiff cannot separate a cause of action which arises primarily out of the professional's alleged negligence and label it something else in hopes of creating a different theory

---

[1] Prochaska also submitted an index of evidence opposing MGA's motion. *See* filing 17. The Court assumes that it did so protectively, so as to not concede summary judgment if the Court denied its motion to strike. Just so the record is clear: in light of its ruling on the motion to strike, the Court has not relied upon Prochaska's evidence either.

of recovery in order to receive the benefit of a longer statute of limitations. *Nuss v. Alexander*, 691 N.W.2d 94, 99 (Neb. 2005). "Merely because a cause of action is couched in terms of a cause of action other than negligence does not make it so." *Id.*; *see E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 977 (8th Cir. 2015); And architects or engineers are professionals for purposes of § 25-222. *Bd. of Regents of Univ. of Nebraska v. Wilscam Mullins Birge, Inc.*, 433 N.W.2d 478, 483 (Neb. 1988); *Witherspoon v. Sides Const. Co.*, 362 N.W.2d 35, 42 (Neb. 1985).

But Prochaska's claims do not arise out of MGA's alleged negligence in the performance of professional or fiduciary duties. The Court must determine whether the defendant "was acting in a professional capacity in rendering the services upon which the claim is based." *Churchill v. Columbus Cmty. Hosp., Inc.*, 830 N.W.2d 53, 66 (Neb. 2013). A professional act or service is one arising out of a vocation, calling, occupation, or employment involving specialized knowledge which is attained from often long and intensive preparation and instruction in skills and methods and the scientific, historical, and scholarly principles underlying such skills and methods. *Reinke*, 590 N.W.2d at 388. To determine whether a claim arises from a "professional" act of service, the Court must look to the nature of the act itself and the circumstances under which it was performed. *Swassing v. Baum*, 240 N.W.2d 24, 27 (Neb. 1976); *accord Olsen v. Richards*, 440 N.W.2d 463, 464 (Neb. 1989). The law school hypothetical illustrating the distinction is that malpractice occurs when a plaintiff is injured by a surgeon's negligent use of a scalpel in the hospital, but not by the surgeon's negligent operation of a motor vehicle in the parking lot.

This is a parking lot case. Prochaska does not allege, for instance, that MGA's work with Prochaska to develop the proposal for Madonna fell below professional standards. Prochaska does not allege that MGA sabotaged their joint presentation of the proposal. What Prochaska complains of is MGA's separately partnering with other firms for the business that MGA and Prochaska jointly pursued. MGA was not performing services for Prochaska when it did so—indeed, that's the point—and the duties MGA is alleged to have breached arose from partnership obligations, not professional obligations. MGA can point to no *professional* standard of care that it is alleged to have breached. Simply put, the conduct upon which Prochaska bases its claims were not professional acts or services.

MGA provides no other basis for concluding that the statute of limitations applicable to Prochaska's claims is any less than 4 years, which is what Prochaska argues. *See* filing 16 at 11-12. The Court agrees with Prochaska. *See* Neb. Rev. Stat. §§ 25-205 to 25-207, 25-212; *see also*, *Fitzgerald v. Cmty. Redevelopment Corp.*, 811 N.W.2d 178, 196 (Neb. 2012);

*Knoell v. Huff*, 395 N.W.2d 749, 753 (Neb. 1986). Prochaska's complaint, filed no more than 2½ years after its claims accrued, was timely filed.

(b) Failure to State a Claim

In the alternative, MGA claims that Prochaska has failed to state a claim for breach of contract, and according to MGA, Prochaska's first four claims for relief are all dependent upon such a breach.[2] Filing 8 at 12. MGA contends that "Prochaska alleges two different promises made by MGA, but it fails to state sufficient facts to establish that MGA breached either of them." Filing 8 at 13. Specifically, MGA contends that "Prochaska alleges it and MGA entered into an agreement to work together" to obtain Madonna's business, and that they did so, albeit unsuccessfully. Filing 8 at 13. And then, MGA argues that "Prochaska alleges it and MGA agreed to share any proceeds if Madonna accepted the Proposal[,]" but that promise was not breached because Madonna did not accept the joint proposal. Filing 8 at 14.

But that reads Prochaska's complaint too narrowly. Prochaska actually alleges that the parties "formed a joint venture and partnership" and

> entered into a contract pursuant to which they would work together exclusively to obtain an award, contract, work, or project related to the Rehabilitation Hospital. MGA and Prochaska & Associates further agreed to share any proceeds received from Prochaska & Associates' idea, including any award, contract, work, or project issued by Madonna . . . .

Filing 1 at 4, 7. And the "idea" that Prochaska alleges the parties agreed to split the proceeds of was "the idea to solicit and partner with MGA for the purposes of submitting the Proposal to Madonna." Filing 1 at 3.

In other words, Prochaska alleges that the parties agreed to work exclusively with one another, and Prochaska's alleged understanding of the agreed-to revenue sharing arrangement is arguably broad enough to encompass whatever proceeds MGA was ultimately awarded as a result of being brought into the process by Prochaska. Now, Prochaska may or may not be able to prove that the agreement between the parties was as broad as it alleges. But for now, the Court must assume the truth of those allegations. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The Court concludes that Prochaska has stated a claim for breach of contract.

---

[2] The Court questions whether Prochaska's claims are actually dependent upon a breach of contract, but need not resolve that question now.

- 6 -

IT IS ORDERED:

1. Prochaska's motion to strike (filing 13) is granted.

2. MGA's motion to dismiss or, in the alternative, for summary judgment (filing 7) is denied.

3. This matter is referred to the Magistrate Judge for case progression.

Dated this 11th day of July, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge